Date signed April 17, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| In Re: <br><br> **Nina J. Shanks,** <br><br> **Debtor.** | Case No. 02-19461PM <br><br> **Chapter 7** |
| **Nina J. Shanks,** <br><br> **Plaintiff,** <br><br> v. <br><br> **Scott D. Field, Chapter 7 Trustee,** <br><br> **Defendant.** | Adv. Proc. 05-01969 |

## MEMORANDUM OF DECISION

This adversary proceeding came before the court on motions for summary judgment filed by plaintiff/debtor and defendant/Trustee. For the reasons explained below and because there is no genuine issue as to any material fact, the court finds that defendant/Trustee is entitled to judgment as a matter of law and that this adversary proceeding will be dismissed. See FED. R. BANKR. P. 7056(c); FED. R. CIV. P. 56(c).[1]

---

[1] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, applicable in adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 883-84 (1990); Sylvia Dev. Corp. v. Calvert County, Maryland, 48 F.3d 810, 817 (CA4 1995). In considering a motion

<u>Undisputed Facts</u>

Plaintiff/debtor, Nina J. Shanks, filed a bankruptcy case under chapter 13 on September 3, 2002. She scheduled real property located in Upper Marlboro with a market value of $132,960.00, the S.D.A.T. value as of January 1, 2000. The real property was encumbered by the secured claims of Chase Manhattan Mortgage Corporation totaling $162,000.00 and of the Drumsheugh H.O.A. totaling $721.00.

The Chapter 13 Trustee objected to plaintiff/debtor's proposed plan as being underfunded. The Amended Chapter 13 Plan was confirmed at a hearing held on December 17, 2002, and by order entered January 6, 2003. The Order Confirming Plan provided that the property of the estate did not vest in plaintiff/debtor until a discharge was granted or the case was dismissed or otherwise terminated.

In December, 2003, Chase Manhattan Mortgage Corporation moved for relief from the automatic stay as to the real property. The court was advised that a settlement had been reached by the parties; however, in March, 2004, a hearing on the motion was requested, culminating in an Agreed Order Modifying the Stay entered May 20, 2004. In July, 2004, Chase Manhattan Mortgage Corporation filed an Affidavit of Default and, in September, 2004, the Chapter 13 Trustee moved to dismiss the case for plaintiff/debtor's failure to make plan payments.

On October 13, 2004, Chase Manhattan Mortgage Corporation foreclosed on its interest in plaintiff/debtor's real property. The real property was sold at foreclosure for $218,000.00. The chapter 13 case was converted to one under chapter 7 on November 29, 2004. The foreclosure sale was ratified by the Circuit Court for Prince George's County, Maryland, on December 6, 2004, after conversion of the case.

Following ratification, defendant/Trustee designated the chapter 7 case an asset case and interested parties were advised of the need to file proofs of claim by April 4, 2005. Although claims totaling $191,945.22 were filed ($174,408.94 secured and $11,630.28 unsecured), as a

---

for summary judgment, the court must view all permissible inferences in a light most favorable to the non-moving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). Summary judgment is appropriate only if, taking the record as a whole, a reasonable jury could not possibly return a verdict in favor of the non-moving party. <u>Matsushita Elec. Indus. Co., Ltd.</u>, 475 U.S. at 587.

result of the efforts of plaintiff/debtor's counsel and the payoff of the secured claims related to the real property, claims totaling approximately $10,000.00 remain unpaid.

Plaintiff/debtor initiated this adversary proceeding by filing a complaint seeking the turnover from defendant/Trustee of the proceeds from the foreclosure sale. Defendant/Trustee is holding $37,674.74.

Discussion

Pursuant to 11 U.S.C. § 541(a)(1), a bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of a case. The real property was property of the estate at the time the chapter 13 case was filed.

After the foreclosure sale on October 13, 2004, plaintiff/debtor retained a right to object to the ratification of the foreclosure sale and retained a legal interest in the surplus proceeds. See generally, Simard v. White, 859 A.2d 168, 201 (Md. 2004); In re Denny, 242 B.R. 593, 597-98 (BC Md. 1999); In re Edwards, 62 B.R. 609 (BC Md. 1986). The timing of the ratification, in this case, was not determinative.

Upon conversion of the case to one under chapter 7 on November 29, 2004, the surplus proceeds became property of the chapter 7 estate in accordance with 11 U.S.C. § 348(f)(1)(A), which provides:

> (f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title –
>
> > (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion[.]

Plaintiff/debtor acknowledges that the sale proceeds remained property of the bankruptcy estate after conversion; however, in reliance upon 11 U.S.C. § 348(f)(1)(B), she asserts that the interest was only to the extent of the scheduled value ($132,960.00), which was implicitly valued by this court by its Order Confirming Plan, entitling plaintiff/debtor to any postpetition/pre-conversion appreciation.[2]

---

[2] The court notes that plaintiff/debtor assigned the S.D.A.T. value from 2000 to the real property at the time the petition was filed in 2002. The scheduled value certainly did not reflect

Defendant/Trustee argues, relying predominantly on the case of In re Jackson, 317 B.R. 511 (BC N.D. Ill. 2004), that confirmation of a chapter 13 plan, alone, does not transform a scheduled value into a judicial finding of value that is binding on a chapter 7 trustee.

Section 348(f)(1)(B) provides:

> (f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title –
>
> > (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan[.][3]

As explained by the court in In re Jackson, Congress' purpose in enacting 11 U.S.C. § 348(f)(1)(B) was to assure that property of the estate of the succeeding chapter 7 case excludes property that appreciated in value during the pendency of the chapter 13 case. In re Jackson, 317 B.R. at 513 (citing In re Wegner, 243 B.R. 731, 734 (BC D. Neb. 2000)). The issue in the Jackson case, as with the subject case, is whether property was actually valued by the court during the chapter 13 case.

This court does not agree with plaintiff/debtor's conclusion that the real property's scheduled value was established by the confirmation order – a position that was also rejected by the court in In re Jackson. Plaintiff/debtor's real property was not valued by this court. In confirming plaintiff/debtor's plan, the court merely established that the plan satisfied the "best interest" test of 11 U.S.C. § 1325(a)(4). A specific valuation of the real property was not necessary to make this finding as long as the creditors were satisfied with the proposed plan payments.

---

the property's worth. Indeed, the best indication of value, albeit in 2004, was the price obtained at the foreclosure sale.

[3] The court notes Congress' revision to 11 U.S.C. § 348(f)(1)(B) of the BAPCPA, specifically excluding from a converted chapter 7 case a valuation made in a chapter 13 case.

Appropriate orders will be entered granting defendant/Trustee's motion for summary judgment, denying plaintiff/debtor's motion for summary judgment and dismissing this adversary proceeding.

cc:     Bennie R. Brooks – bbrookslaw@aol.com
        James M. Hoffman – jhoffman@srgpe.com, mwashington@srgpe.com
        Nina J. Shanks, 11570 Dunloring Drive, Upper Marlboro, MD 20772

**End of Memorandum of Decision**